**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor Manuel RUIZ–LOPEZ,**
**aka Victor Manuel Ruiz,**
**Defendant–Appellant.**

Nos. 08–50342.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2009.*

Filed Nov. 6, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Timothy McNally, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Thomas Paul Sleisenger, Law Offices of Thomas P. Sleisenger, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

## MEMORANDUM **

Victor Ruiz–Lopez appeals the 70-month sentence imposed by the district court following his open guilty plea to being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

■ The government was not bound by, and therefore did not breach, the fast-track plea agreement because the district court did not accept the plea agreement, Ruiz–Lopez did not plead guilty pursuant to the plea agreement, and Ruiz–Lopez did not detrimentally rely on any representa-

tion made by the government in the plea agreement when he pleaded guilty. *See United States v. Kuchinski,* 469 F.3d 853, 858 (9th Cir.2006). The district court properly disregarded the fast-track plea agreement because Ruiz–Lopez did not plead guilty pursuant to that agreement, and the district court never accepted it. *See* Fed.R.Crim.P. 11(c)(3)(A).

■ Ruiz–Lopez's guilty plea was knowing and voluntary because the record demonstrates that he was aware of and understood the consequences of pleading guilty, including the fact that he was not pleading guilty pursuant to any plea agreement, and his guilty plea was not the result of any promises, threats, mistreatment, or misunderstanding. *See Sanchez v. United States,* 50 F.3d 1448, 1454 (9th Cir.1995).

■ Ruiz–Lopez's sentence was procedurally reasonable because the district court followed proper sentencing procedure and adequately explained the sentence selected. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc). Moreover, the district court appropriately considered as a factor that Ruiz–Lopez did not plead guilty pursuant to any plea agreement. *See United States v. Reina–Rodriguez,* 468 F.3d 1147, 1158–59 (9th Cir.2006), *overruled on other grounds by United States v. Grisel,* 488 F.3d 844, 851 n. 5 (9th Cir.2007).

■ Finally, Ruiz–Lopez's sentence was substantively reasonable because the district court applied the facts of his case to each 18 U.S.C. § 3553(a) factor and came to a reasoned decision in imposing a 70-month sentence. *See Carty,* 520 F.3d at 991. The district court did not abuse its discretion in finding that a 70–month sen-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tence was sufficient, but not greater than necessary. *See id.* at 991, 993.

**AFFIRMED.**